**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 17-6385

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIUS DEMARCO PRAYER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:11-cr-00058-RAJ-FBS-7; 2:16-cv-00213-RAJ)

Submitted: November 14, 2017                    Decided: December 6, 2017

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Darius Demarco Prayer, Appellant Pro Se. William David Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Demarco Prayer seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion and the order dismissing his motion under the All Writs Act, 28 U.S.C. § 1651 (2012), as an unauthorized successive § 2255 motion. We dismiss the appeal.

Beginning with the district court's order denying Prayer's § 2255 motion, when the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order denying Prayer's § 2255 motion was entered on the docket on October 25, 2016. The notice of appeal was filed on March 20, 2017.[1] Because Prayer failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss his appeal from the district court's order denying his § 2255 motion.[2]

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

[2] Although Prayer timely filed a motion to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e), and amend or make additional factual findings, pursuant to Fed. R. Civ. P. 52(b), the district court struck that motion. By failing to challenge the district
(Continued)

2

As for the district court's order dismissing Prayer's § 1651 motion, that order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); *Jones v. Braxton*, 392 F.3d 683, 688 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We have independently reviewed the record and conclude that Prayer has not made the requisite showing. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (explaining what constitutes successive § 2255 motion). Accordingly, we deny a certificate of appealability and dismiss Prayer's appeal from the district court's order dismissing Prayer's § 1651 motion as an unauthorized successive § 2255 motion.

We also deny Prayer's request to place this appeal in abeyance, and we deny Prayer's request to file a successive § 2255 motion without prejudice to his right to refile using the proper forms. We dispense with oral argument because the facts and legal

---

court's order striking that motion, Prayer has forfeited appellate review of the issue. *See* 4th Cir. R. 34(b); *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004). Consequently, the appeal period was not tolled by that motion, *see* Fed. R. App. P. 4(a)(4)(A), and none of Prayer's later filings tolled the time for appealing the district court's order denying his § 2255 motion.

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*